IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMELLA PRICE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA POLICE | : | |
| DEPARTMENT, et al. | : | NO. 07-cv-1794-JF |

MEMORANDUM

Fullam, Sr. J.                                           June     , 2010

     The plaintiff is suing her former employer and superior officers for discrimination and retaliation. Discovery apparently has been contentious; in the latest dispute the defendants have served subpoenas on various medical facilities and the Employee Assistance Program Records Department at the Philadelphia Police Department, seeking the production of the plaintiff's medical records.

     The plaintiff has filed a "Motion to Quash Rule 45 Subpoenas for HIPAA Protected Records and to Destroy Medical Records," requesting that the Court quash the subpoenas served by the defendants, and order that any documents produced pursuant to subpoena be destroyed. The plaintiff argues that several of the subpoenas are procedurally improper because they were served during a court-ordered stay of the litigation and because she did not receive prior notice. Also, the plaintiff contends that the subpoenas are too broad and seek the production of privileged

medical records whose release she has not authorized.

The defendants oppose the motion to quash, and have filed a "Cross-Motion to Compel Discovery," arguing that the plaintiff has not adequately responded to interrogatories and requests for the production of documents relating to her medical history.

At least some of the materials sought by the defendants are relevant; the plaintiff seeks to recover damages for physical injury and emotional distress, and therefore her medical records are discoverable. While the plaintiff's procedural objections to the subpoenas are well taken, I decline to grant the plaintiff's motion to quash because to do so would elevate form over substance, particularly where the plaintiff has not suffered any appreciable harm. However, to the extent that any third party has produced materials that were created before 2001, the defendants will be directed to return those materials immediately because they exceed the proper scope of discovery.

An order will be entered.

BY THE COURT:

John P. Fullam, Sr. J.